(60 Misc. Rep. 427.)

SMITH v. ROBERTS, Clerk of Board of Sup'rs of Essex County.

(Supreme Court, Special Term, Fulton County. September, 1908.)

1. COUNTIES (§ 28*)—"COUNTY SEAT"—WHAT CONSTITUTES.
   A county seat is the building where a court of record is held, and is designated in the manner provided by Code Civ. Proc. § 31, etc., and is not required to be located in a building or upon a site owned by the county.

   [Ed. Note.—For other cases, see Counties, Dec. Dig. § 28.*

   For other definitions, see Words and Phrases, vol. 2, p. 1667; vol. 8, p. 7621.]

2. COUNTIES (§ 52*)—BOARD OF SUPERVISORS—PLACE OF MEETING.
   Action taken by a county board of supervisors at a place other than their usual meeting place is not for that reason illegal.

   [Ed. Note.—For other cases, see Counties, Cent. Dig. § 63; Dec. Dig. § 52.*]

3. COUNTIES (§ 35*)—COUNTY SEAT—CHANGE.
   County Law (Laws 1892, p. 1753, c. 686) § 31, provides that the site of no county building or office shall be changed when the change shall exceed one mile and be beyond the boundaries of the village or city where already situated, except upon petition of the freeholders. Section 32 provides for the proceedings on such petition, and for a submission of the question to the electors of the county. The electors of a county voted to change the sites of county buildings to another village, but no land was purchased or anything done in the way of erecting new county buildings, and thereafter the supervisors again took action to change the site so located to still another site within another village. Held, that the law authorized the latter change, and that the fact that no land had been purchased or buildings erected or offices removed under the change first made was immaterial.

   [Ed. Note.—For other cases, see Counties, Cent. Dig. § 45; Dec. Dig. § 35.*]

4. COUNTIES (§ 35*)—COUNTY SEAT—CHANGE.
   County Law (Laws 1892, p. 1753, c. 686) § 31, providing that the site or location of no county building or office shall be changed when the change shall exceed one mile and be beyond the boundaries of the village or city where already situated, except upon petition of freeholders, and section

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

32, providing for the proceedings on such petition and for a submission of the question to the electors of the county, authorizes repeated and successive selections of sites for county buildings, and does not require the county to build upon the site first selected.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 45; Dec. Dig. § 35.*]

Action by Frank E. Smith against Julius A. Roberts, as clerk of the board of supervisors of Essex county. Plaintiff moves for an injunction pendente lite. Application denied.

Edgar T. Brackett (Carleton H. Lewis, of counsel), for plaintiff. Pyrke & Dudley, for defendant.

SPENCER, J. Much confusion has marked the discussion of this application because of failure to discriminate between a county seat and the site of county buildings. A county seat is the building where a court of record is held and is designated in the manner provided by article 3, § 31 et seq., Code Civ. Proc. A county seat need not be located in buildings or upon a site owned by the county. It is, however, within the powers of each county to own and maintain buildings for the use of its various public officers and for the use of the courts. So far as the latter are concerned, they are not limited to such buildings, but may change from time to time upon the contingencies mentioned in the sections of the Code to which reference has been made. The changing of the site of any county building is purely a matter of business and regulated by the provisions of the County Law (Laws 1892, p. 1753, c. 686) §§ 31, 32. The statute provides for the selection and purchase of new sites and the erection of new buildings. In so doing the old sites and buildings are to be retained and used until new sites are selected and new buildings erected and accepted.

Coming to the facts in this case, it appears that certain Essex county buildings, including the courthouse, have been for many years located in the town of Elizabethtown. In 1904 proceedings were taken by the board of supervisors, as provided in and by the county law, to change the sites of these buildings to the village of Westport. A proposition to that end was submitted to the electors and ratified by a majority. Since such action no land has been purchased or anything done in the way of erecting new county buildings there. It further appears that in 1908 the board of supervisors again took action to change the site so located in the village of Westport to another site within the village of Port Henry, and such proposition is now being published for submission to the electors of the county. The plaintiff, as a taxpayer, brings this action, alleging that such proceedings are illegal, and that the expense of such publication constitutes a waste of the public funds. He prays for an injunction staying the defendant, as clerk of the board of supervisors, from proceeding with such publication or further carrying out the instructions of the board in regard to the matter.

The first ground of illegality urged is that the action by the supervisors was taken at a special meeting held in Port Henry, whereas

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

113 N.Y.S.—43

their usual meeting place has been Elizabethtown. I am not referred to any authority on this subject and am of the opinion that the objection is futile.

The next ground of illegality is that the site of the county buildings is still at Elizabethtown; that the removal to Westport constituted merely a proposed site to be accomplished in futuro. This might be so if the actual purchase of land and the erection of buildings were necessary to constitute a new site. It is true that a courthouse site should have a courthouse upon it, but a site for a courthouse need not. All that the statute contemplates as to the location of the new site is that the petition shall state "the place at or near which it is proposed to locate such new buildings or offices." The statute assumes the impracticability of designating the particular plot of ground upon which the new buildings are to be erected. The important question is whether the site shall be removed to a certain town or village, and not whether a particular plot therein shall be employed.

It is also objected that the petition does not describe the buildings whose location it proposes to change, and the argument is made that the county seat being still at Elizabethtown the buildings there should have been described. As there are no buildings at Westport, the plaintiff also contends that the petition prays for a change of buildings where none exists.

I think these arguments fail to apprehend the intention of the statute. Many instances must arise where no building will actually be changed or removed. Such is the case here. There has been no attempt to make any physical removal of the buildings from Elizabethtown, but only to remove all of the county offices connected with said courthouse and said county buildings. The proceedings had to do only with change of site, and not with the removal of buildings. The county still owns the site and buildings at Elizabethtown, and may put them to such uses as public policy may dictate. This does not prevent the selection of a new site and the erection of new buildings elsewhere. It is the express declaration of the statute that the county shall retain and use the old site and buildings until the purchase of a new site and the erection of new buildings and their acceptance by the supervisors. The decision to change the site from Elizabethtown to Westport was not as the plaintiff argues a nullity. As between these two sites, the electors preferred the latter, and their decision stands until they select another. Having selected a site circumstances occurring subsequently may render the situation undesirable or unavailable, and therefore it may be proper or necessary to change to another location or town. The fact that land has or has not been purchased or that buildings have or have not been erected or that offices have or have not been removed is immaterial. The matter still rests with the people to decide, and changes may be made as often as they vote approval. If such changes were attempted as a matter of mere caprice, it might be regarded as a waste of public funds, but it clearly appears that no substantial loss or expense will be incurred by the submission of the present proposition to the electors. The plaintiff argues that the language of the statute is mandatory, and, that the electors

having ratified the selection of site made by one board of supervisors, a succeeding board may not submit another proposition, but that their sole duty is to proceed with the purchase of a site and the erection of buildings at Westport. He also emphasizes the danger of repeated submissions. I think this is imaginary,. and not real. It seems more reasonable that the Legislature should leave the counties to make repeated and successive selections than to compel them to build upon the first site selected, whether the same prove suitable or not.

I am therefore of the opinion that the present proceedings are regular, and that the application for an injunction should be denied. Ordered accordingly.